**Rowdy B. Meeks** (*pro hac vice granted*)
rowdy.meeks@rmlegalgroup.com
Rowdy Meeks Legal Group LLC
435 Nichols Rd., Suite 200
Kansas City, Missouri 64112
Tel: (816) 977-2741
Fax: (816) 875-5069
Kansas Bar No. 16068

**Derek C. Johnson, OSB 88234**
djohnson@jjlslaw.com
**Jennifer Middleton, OSB** 071510
jmiddleton@jjlslaw.com
Johnson Johnson Larson & Schaller, PC
975 Oak Street, Suite 1050
Eugene, Oregon 97401
Tel: (541) 484-2434
Fax: (816) 875-5069

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
### MEDFORD DIVISON

| | | |
|---|---|---|
| **MICAH DUBEAU, DAVID DUBEAU, and COREY GILE** | ) | Case No. 1:12-cv-01602-CL |
| | ) | |
| | ) | CLASS and COLLECTIVE ACTION |
| On Behalf of Themselves And | ) | ALLEGATION SECOND AMENDED |
| All Others Similarly Situated, | ) | COMPLAINT |
| | ) | |
| | ) | Fair Labor Standards Act 29 USC 201 |
| Plaintiffs, | ) | *et seq.*; Failure to Pay Minimum Wage |
| | ) | and Overtime Pursuant to Oregon Law; |
| | ) | Illegal Deductions from Wages Pursuant |
| | ) | to Oregon Law; Unjust Enrichment - |
| vs. | ) | *Quantam Meriut*; Penalty Wages; Failure |
| | ) | to Pay Minimum Wage and Overtime |
| | ) | Pursuant to Washington Law; Illegal |
| | ) | Deductions of Wages Pursuant to |
| **STERLING SAVINGS BANK and** | ) | Washington Law; Exemplary Damages |
| **GOLF SAVINGS BANK** | ) | |
| | ) | |
| | ) | DEMAND FOR JURY TRIAL |
| Defendants. | ) | |

Plaintiffs Micah DuBeau, David DuBeau, and Corey Gile, on behalf of themselves and

all others similarly situated, for their Second Amended Complaint against Sterling Savings Bank

("Sterling") and Golf Savings Bank (individually as "Golf"; both entities collectively as

"Defendants") state as follows:

## PRELIMINARY STATEMENT

1.  Defendant Sterling "is the largest commercial bank headquartered in Washington State and one of the largest regional community banks in the western United States. Sterling Bank serves more than 25,000 small and medium-sized businesses and nearly 200,000 retail accounts throughout the Pacific Northwest in a network of branches that span from northern California to the Canadian border and from the Pacific Coast to central Montana.  Sterling operates 189 deposit-taking branches in California, Idaho, Oregon Montana  and  Washington."  *See*  Sterling  Investor  Relations  webpage: https://www.bankwithsterling.com/AboutUs/InvestorRelations.aspx.

2.  Defendant Golf was a regional bank which employed Mortgage Loan Officers and merged with Sterling effective August 1, 2010.

3.  Defendants' policy and practice is to deny earned wages, including minimum wage and overtime pay, to its Mortgage Loan Officers and other mortgage origination employees (collectively as "Mortgage Loan Officers") throughout the United States.  In particular, Defendants require these employees to perform work way in excess of forty (40) hours per week, but fail to pay them minimum wage and overtime by illegally classifying all such employees as exempt from the minimum wage and overtime requirements.

4.  Defendants' deliberate illegal classification of its Mortgage Loan Officers as exempt from the overtime requirements results in Defendants violating the federal Fair Labor Standards Act ("FLSA"), the Oregon Wage and Hour Laws, the Washington Wage and Hour Laws, and other state labor laws nationwide.

5.  Further, Defendants violate the Oregon Wage Deduction laws, specifically O.R.S. 652.610, by illegally deducting from Mortgage Loan Officers' wages such items as credit

report fees, appraisal fees, Rapid Rescore fees, credit supplement fees, pre-tax expenses, and/or other fees and items which are Defendants' costs of conducting business.

6.    Defendant likewise violated the Washington Wage Deduction laws, including RCW 48.48.010, RCW 49.52.050, WAC 296-126-025, and WAC 296-126-028, by illegally deducting from Mortgage Loan Officers' wages such items as credit report fees, appraisal fees, Rapid Rescore fees, credit supplement fees, pre-tax expenses, and/or other fees and items which are Defendants' costs of conducting business.

7.    Plaintiff Micah DuBeau (the "FLSA Named Plaintiff") brings a collective class action under § 216(b) of the FLSA against Defendants for unpaid minimum wage and overtime compensation, and related penalties and damages on behalf of all Mortgage Loan Officers who are working or have worked for Defendants in the last three years nationwide and were not paid overtime.

8.    Plaintiff Micah DuBeau (the "Oregon Minimum Wage and Overtime Class Representative") brings a class action under Rule 23 against Defendants for unpaid minimum wage and overtime compensation, and related penalties and damages on behalf of all Mortgage Loan Officers who are working or have worked for Defendants' locations in the past two years in Oregon pursuant to ORS §§ 653.025 and 653.621, and OAR §§ 839-020-0010 and 839-020-0030.

9.    Further, Plaintiff David DuBeau (the "Oregon Wage Deduction Class Representative") brings a class action under Rule 23 against Defendants for illegal wage deductions and related penalties and damages on behalf of all Mortgage Loan Officers who are working or have worked for Defendants' Oregon locations in the past six years pursuant to the Oregon Wage Laws including ORS § 652.610 and Oregon common law.

10.    Likewise, Plaintiff Corey Gile ("the Washington Minimum Wage and Overtime Class Representative") brings a class action under Rule 23 against Defendants for unpaid minimum wage and overtime compensation, and related penalties and damages on behalf of all Mortgage Loan Officers who are working or have worked for Defendants' locations in the past three years in Washington pursuant to the Washington Wage and Hour Laws including RCW 49.46.020 and 49.46.130.

**11.**    Finally, Plaintiff Corey Gile (the "Washington Wage Deduction Class Representative") brings a class action under Rule 23 against Defendants for illegal wage deductions and related penalties and damages on behalf of all Mortgage Loan Officers who are working or have worked for Defendants' Washington locations in the past three years pursuant to the Washington Wage Laws including RCW 48.48.010, RCW 49.52.050, WAC 296-126-025, WAC 296-126-028, and Washington common law.

## PARTIES

12.    Plaintiff Micah DuBeau currently resides in Medford, Oregon.   Plaintiff Micah DuBeau was employed as a Mortgage Loan Officer with Golf from approximately April 1, 2010 until Golf merged with Sterling on August 1, 2010, and he then continued to work for Sterling as a Mortgage Loan Officer until approximately April 1, 2011.  Plaintiff Micah DuBeau later returned to work for Sterling as a Mortgage Loan Officer from approximately November 1, 2011 until May 3, 2012.  Plaintiff Micah DuBeau worked at Defendants' bank branch office 506 located in Medford.  Plaintiff Micah DuBeau's Consent to become a Party Plaintiff pursuant to 29 U.S.C. § 216(b) is attached as an exhibit.

13.    Plaintiff David DuBeau currently resides in Medford, Oregon.  Plaintiff David DuBeau

was employed as a Mortgage Loan Officer with Golf from approximately April 1, 2010

until Golf merged with Sterling on August 1, 2010, and he then continued to work for

Sterling as a Mortgage Loan Officer until approximately May 3, 2012.  Plaintiff David

DuBeau worked at Defendants' bank branch office 506 located in Medford. Plaintiff

David DuBeau's Consent to become a Party Plaintiff pursuant to 29 U.S.C. §216(b) is

attached as an exhibit.

14.    Plaintiff Corey Gile currently resides in Puyallup, Washington.  Plaintiff Gile was

employed as a Mortgage Loan Officer with Golf from approximately November 2009

until Golf merged with Sterling on August 1, 2010, and he then continued to work for

Sterling as a Mortgage Loan Officer until approximately November 2011.  Plaintiff Gile

worked at Defendants' bank branch office located in Puyallup, Washington.    Plaintiff

Gile's Consent to become a Party Plaintiff pursuant to 29 U.S.C. §216(b) is attached as

an exhibit.

15.    Defendant Sterling Savings Bank is a Washington corporation with is principal place of

business in Spokane, Washington.  Sterling Savings Bank does business in this judicial

district and nationwide.

16.    Defendant Golf Savings Bank is a Washington corporation with its principal place of

business in Spokane, Washington. On August 1, 2010, Defendant Golf Savings Bank

merged with Defendant Sterling Savings Bank.  Golf Savings Bank now conducts business

in this judicial district and nationwide as Sterling Savings Bank.

## JURISDICTION AND VENUE

17.    This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the

claims brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

18.    This Court has supplemental jurisdiction for all claims asserted under the OREGON WAGE LAWS AND WASHINGTON WAGE LAWS in that the claims under these Oregon and Washington state laws are part of the same case and controversy as the FLSA claims, the state and federal claims derive from a common nucleus of operative fact, the state claims will not substantially dominate over the FLSA claims, and exercising supplemental jurisdiction would be in the interests of judicial economy, convenience, fairness, and comity.

19.    The United States District Court for the District of Oregon has personal jurisdiction because Defendants conducts and/or conducted business within this District.

20.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), inasmuch as Defendants have offices, conduct business, and can be found in this District, and the causes of action set forth herein have arisen and occurred in part in this District.  Venue is also proper under 29 U.S.C. §1132(e)(2) because Defendants have substantial business contacts within the state of Oregon.

## **FACTUAL ALLEGATIONS**

21.    Sterling operates 189 deposit-taking branches in California, Idaho, Oregon, Montana, and Washington.  Sterling makes mortgage home loan and insurance products available to consumers, and employs hundreds of Mortgage Loan Officers at branch office locations across these five states.  *See* Sterling Bank website: http://www.sterlinghomemortgages.com/about/findbranch.php

22.    Golf likewise operated branch offices in several states including Oregon, and offered mortgage home products and employed mortgage loan officers until Golf merged with Sterling on August 10, 2010.

## A. FLSA COLLECTIVE ACTION ALLEGATIONS

23.    The FLSA Named Plaintiff Micah DuBeau brings Count I as a collective action pursuant

to 29 U.S.C. § 216(b) of the FLSA, on behalf of the following persons:

> All current and former Mortgage Loan Officer and other like
> mortgage origination employees who will, are, or have worked for
> Defendants within three years from the commencement of this action
> who have not been compensated at one and one-half times the regular
> rate of pay for all services performed in excess of forty hours per
> week (the "FLSA Collective").

24.    The FLSA Name Plaintiff Micah DuBeau brings and maintains Count I as an "opt-in"

collective action pursuant to 29 U.S.C. § 216(b) of the FLSA for all claims asserted by

Plaintiff Micah DuBeau because his claims are similar to the claims of the FLSA

Collective.

25.    The FLSA Name Plaintiff Micah DuBeau began his employment with Defendants as a

Mortgage Loan Officer at Golf on approximately April 1, 2010.

26.    Besides The FLSA Name Plaintiff Micah DuBeau, Golf employed other Mortgage Loan

Officers besides Plaintiffs in several states including Oregon and Washington.

27.    Golf classified all Mortgage Loan Officers as exempt, and thus not entitled to receive

minimum wage or overtime.  Golf paid its Mortgage Loan Officers monthly commissions

and/or draws.  Gold did not pay its Mortgage Loan Officers overtime premiums.

28.    Golf Mortgage Loan Officers routinely worked in excess of 40 hours per week in an

effort to sell mortgage loans and thus obtain commissions under Golf's compensation

plans.

29.    The primary job of Golf Mortgage Loan Officers was to sell mortgages to individual

consumers.  Mortgage Loan Officers (1) did not regularly supervise the work of two or

more employees, (2) did not exercise discretion and independent judgment as to matters

7

of significance or perform office work related to Golf's general business operations or its customers, and (3) had no advance knowledge in a field of science or learning which required specialized instruction that was required to perform the job.

30.     All Golf Mortgage Loan Officers are similarly situated in that they share common job duties and descriptions, and were all subject to Golf's policy and practice that designated them as exempt and thus they all performed work without minimum wage and/or overtime compensation.

31.     Golf failed to take any action to ensure or monitor that Mortgage Loan Officers sold loan at individual mortgage consumers' homes or places of business, or worked away from its offices doing so.   In fact, Golf was aware that it Mortgage Loan Officers worked primarily in its offices because its management saw these employees in their offices day after day.

32.     Golf Mortgage Loan Officers did not sell mortgages at individual mortgage consumers' place of business or homes.   Instead, Mortgage Loan Officers sold mortgages to individual consumers who walked into Golf's branch offices and/or over the telephone.

33.     Golf failed to accurately record the actual time worked by all Mortgage Loan Officers. Golf could have easily and accurately recorded the actual time worked by all Mortgage Loan Officers.

34.     In light of Golf's failure to accurately record time worked by all Mortgage Loan Officers, Golf failed to provide accurate wage statements to all Mortgage Loan Officers.

35.     The same unlawful practices and procedures described above affect all Golf Mortgage Loan Officers nationwide, including in the states of Oregon and Washington.

36.    In August 2010, Golf merged with Sterling.  As a result of the merger, Plaintiffs and the other Golf Mortgage Loan Officers continued their employment as Sterling Mortgage Loan Officers without any break in service.

37.    Prior to the effective date of the merger, Sterling began paying Mortgage Loan Officers with it paychecks and otherwise controlling their employment.  For example, Plaintiffs received paychecks with a July 30, 2010 pay date which contained Golf and its address, as well as "Sterling Savings Bank" and its logo at the top.

38.    As of the merger and before, Sterling directed that all Mortgage Loan Officers be classified as exempt, and thus not entitled to receive minimum wage or overtime compensation.   Sterling paid Mortgage Loan Officers a recoverable draw against commissions.

39.    Sterling subsequently changed the compensation plan for Plaintiffs and its other Mortgage Loan Officers several times since the merger including paying them draws against commissions, and commissions only during different time periods. However, Sterling has continuously classified Plaintiffs and its other Mortgage Loan Officers as exempt and not entitled to receive minimum wage and/or overtime.

40.    Sterling Mortgage Loan Officers routinely work in excess of 40 hours per week in an effort to sell mortgage loans and thus obtain commissions under Defendants' compensation plans.

41.    The primary job of Sterling Mortgage Loan Officers is to sell mortgages to individual consumers.  Sterling Mortgage Loan Officers (1) do not regularly supervise the work of two or more employees, (2) do not exercise discretion and independent judgment as to matters of significance or perform office work related to Defendants' general business

9

operations or its customers, and (3) have no advance knowledge in a field of science or learning which required specialized instruction that was required to perform the job.

42.    All Sterling Mortgage Loan Officers are similarly situated in that they share common job duties and descriptions, and are all subject to Defendants' policy and practice that designated them as exempt and thus they all perform work without minimum wage and/or overtime compensation.

43.    Sterling fails to take any action to ensure or monitor that its Mortgage Loan Officers sold loans at individual mortgage consumers' homes or places of business, or worked away from its offices doing so.  In fact, Sterling is aware that it Mortgage Loan Officers worked primarily in its offices because its management saw these employees in their offices day after day.

44.    Sterling Mortgage Loan Officers do not make mortgage sales at individual mortgage consumers' place of business or homes.  Instead, Sterling Mortgage Loan Officers sell mortgages to individual consumers who walk into Defendants' offices and/or over the telephone.

45.    Defendants fail to accurately record the time actual time worked by all Mortgage Loan Officers.  Defendants could easily and accurately record the actual time worked by all Mortgage Loan Officers.

46.    In light of Defendants' failure to accurately record time worked by all Mortgage Loan Officers, Defendants fail to provide accurate wage statements to all Mortgage Loan Officers.

47.    The same unlawful practices and procedures described above affect all Mortgage Loan Officers nationwide, including in the state of Oregon and Washington.

48.     On information and belief, Mortgage Loan Officers have complained about the manner in which they were compensated including the failure to be paid minimum wage and overtime compensation.

49.     Defendants are aware of its rights under the FLSA and corresponding state wage and hour laws because Defendants employ numerous non-exempt individuals in its branch offices throughout the United States to whom Defendants pay overtime.

50.     Further, in March 2010, the Department of Labor Wage and Hour Division issued an Administration Interpretation Letter, No. 2010-1, which states that the typical mortgage loan officer performs non-exempt duties which entitle these employees to be paid overtime.  In addition, numerous banks and other entities throughout the United States that have mortgage loan officers who perform duties like Defendants' Mortgage Loan Officers have been sued for overtime and minimum wage violations likes those Plaintiffs allege here, and those banks and entities have changed their pay policies and practices as a result.

51.     Defendants have ignored these employee complaints and authorities, and failed to correct the manner in which Defendants compensate it Mortgage Loan Officers including refusing to pay them minimum wage and/or overtime compensation.

B.      **RULE 23 CLASS ACTION ALLEGATIONS – MINIMUM WAGE AND OVERTIME**

52.     The Oregon Minimum Wage and Overtime Class Representative Micah DuBeau brings a class action pursuant to Fed. R. Civ. P. 23(b)(3), on behalf of himself and the following class of persons:

> All current and former Mortgage Loan Officers and similar mortgage origination employees of Defendants who will, are, or have worked at their offices in Oregon at any time during the last

> two years, who were subject to Defendants' unlawful compensation policies of failing to pay overtime premiums for all hours worked in any work week.

53.     The Oregon state law claims, if certified for class wide treatment, may be pursued by all similarly situated persons who do not opt-out of the class.

54.     The Washington Minimum Wage and Overtime Class Representative Corey Gile brings a class action pursuant to Fed. R. Civ. P. 23(b)(3), on behalf of himself and the following class of persons:

> All current and former Mortgage Loan Officers and similar mortgage origination employees of Defendants who will, are, or have worked at their offices in Washington at any time during the last three years, who were subject to Defendants' unlawful compensation policies of failing to pay overtime premiums for all hours worked in any work week.

55.     The Washington state law claims, if certified for class wide treatment, may be pursued by all similarly situated persons who do not opt-out of the class.

56.     The Oregon Minimum Wage and Overtime Class Representative Micah DuBeau, individually and on behalf of the above Oregon Minimum Wage and Overtime Class Members, brings a class action based on the OREGON WAGE LAWS ORS § 653.010 *et seq.*, in particular, §§ 653.025 and 653.261, and OAR §§ 839-020-0010 and 839-020-0030.

57.     The Oregon Minimum Wage and Overtime Class Representative Micah DuBeau and the Oregon Minimum Wage and Overtime Class Members are or have been "employees" of Defendants pursuant to OSA § 653.310.

58.     The Oregon Minimum Wage and Overtime Class Representative Micah DuBeau and the Oregon Minimum Wage and Overtime Class Members are all similarly situated in that

they were all subject to Defendants' policy which violates §§ 653.025 and 653.261, and OAR §§ 839-020-0010 and 839-020-0030 because Defendants failed to pay the Oregon Minimum Wage and Overtime Class Members minimum wage and overtime compensation for all hours worked.

59.    The Washington Minimum Wage and Overtime Class Representative Corey Gile, individually and on behalf of the above Washington Minimum Wage and Overtime Class Members, brings a class action based on the WASHINGTON WAGE LAWS including RCW 49.46.020 and RCW 49.46.130.

60.    The Washington Minimum Wage and Overtime Class Representative Corey Gile and the Washington Minimum Wage and Overtime Class Members are or have been "employees" of Defendants pursuant to RCW 49.46.010(3), WAC 296-126-002(2), and Washington common law.

61.    The Washington Minimum Wage and Overtime Class Representative Corey Gile and the Washington Minimum Wage and Overtime Class Members are all similarly situated in that they were all subject to Defendants' policy which violates RCW 49.46.020 and RCW 49.46.130 because Defendants failed to pay the Washington Minimum Wage and Overtime Class Members minimum wage and overtime compensation for all hours worked.

62.    Class certification of this Count for the above violations of the Oregon and Washington Wage Laws is appropriate pursuant to Fed. R. Civ. P. 23(a) in that:

    a.    The members of the Oregon Minimum Wage and Overtime Class and the Washington Minimum Wage and Overtime Class are so numerous that joinder of all members is impracticable.  The exact number of class members is

13

unknown to the Oregon Minimum Wage and Overtime Class Representative at the present time but the number should be over fifty and is likewise unknown to the Washington Minimum Wage and Overtime Class Representative but should be over 150;

b.      There are questions of law and fact arising in this action which are common to the Oregon Minimum Wage and Overtime Class Representative and the Oregon Minimum Wage and Overtime Class Members, and the Washington Minimum Wage and Overtime Class Representative and the Washington Minimum Wage and Overtime Class Members including:

(i) Whether Defendants employed the Oregon Minimum Wage and Overtime Class Representative and the Oregon Minimum Wage and Overtime Class Members, and the Washington Minimum Wage and Overtime Class Representative and the Washington Minimum Wage and Overtime Class Members;

(ii) Whether Defendants paid minimum wage to the Oregon Minimum Wage and Overtime Class Representative and the Oregon Minimum Wage and Overtime Class Members, and the Washington Minimum Wage and Overtime Class Representative and the Washington Minimum Wage and Overtime Class Members for all hours worked;

(iii) Whether Defendants paid overtime to the Oregon Minimum Wage and Overtime Class Representative and the Oregon Minimum Wage and Overtime Class Members, and the Washington Minimum Wage and Overtime Class

Representative and the Washington Minimum Wage and Overtime Class Members for all hours worked; and

(iv) Whether Defendants the Oregon Minimum Wage and Overtime Class Representative and the Oregon Minimum Wage and Overtime Class Members, and the Washington Minimum Wage and Overtime Class Representative and the Washington Minimum Wage and Overtime Class Members for were damaged by the above actions.

63.    The Oregon Minimum Wage and Overtime Class Representative's claims are typical of the claims of the Oregon Minimum Wage and Overtime Class Members.  The Oregon Minimum Wage and Overtime Class Representative was paid under the same policy and procedure as all members of the Class which failed to pay minimum wage and overtime for all hours worked.  The Oregon Minimum Wage and Overtime Class Representative and all members of the Class were victims of the same wrongful conduct engaged by Defendants in violation of the OREGON WAGE LAWS.

64.    Likewise, the Washington Minimum Wage and Overtime Class Representative's claims are typical of the claims of the Washington Minimum Wage and Overtime Class Members.  The Washington Wage Deduction Class Representative was paid under the same policy and procedure as all members of the Class which failed to pay minimum wage and overtime for all hours worked.  The Washington Minimum Wage and Overtime Class Representative and all members of the Class were victims of the same wrongful conduct engaged by Defendants in violation of the WASHINGTON WAGE LAWS.

65.    Oregon Minimum Wage and Overtime Class Representative and the Washington Minimum Wage and Overtime Class Representative will fairly and adequately protect the interests of the members of the respective Classes.

66.    The Oregon Minimum Wage and Overtime, and Washington Minimum Wage and Overtime Class Representatives have retained counsel who is competent and experienced in class action and complex litigation involving compensation claims.

67.    The Oregon and Washington Minimum Wage and Overtime Class Representatives have no interests which are adverse to or in conflict with other Oregon and Washington Minimum Wage and Overtime Class Members respectively.

68.    Class certification of the respective class is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to class members predominate over any questions affecting only individual members and a class action is the superior procedural vehicle for the fair and efficient adjudication of the claims asserted herein given that:  (a) there is minimal interest of members of this class in individually controlling their prosecution of claims under the OREGON WAGE LAWS AND WASHINGTON WAGE LAWS; (b) it is desirable to concentrate all the litigation of these claims in this forum; and, (c) there are no unusual difficulties likely to be encountered in the management of this case as a class action.

69.    In the absences of a class action, Defendants would be unjustly enriched because they would be able to retain the benefits and fruits of the wrongful violation of the OREGON AND WASHINGTON WAGE LAWS.

70.    The class action mechanism is superior to any alternatives that might exist for the fair and efficient adjudication of this cause of action.  Proceeding as a class action would permit

the large number of injured parties to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of evidence, effort, and judicial resources.   A class action is the only practical way to avoid the potentially inconsistent results that numerous individual trials are likely to generate.   Moreover, class treatment is the only realistic means by which plaintiffs can effectively litigate against large, well-represented corporate defendants.   Numerous repetitive individual actions would also place an enormous burden on the courts as they are forced to take duplicative evidence and decide the same issues relating to Defendants' conduct over and over again.

### C.  RULE 23 CLASS ACTION ALLEGATIONS – WAGE DEDUCTIONS

71.    The Oregon Wage Deduction Class Representative David DuBeau brings a class action pursuant to Fed. R. Civ. P. 23(b)(3), on behalf of himself and the following class of persons ("Oregon Wage Deduction Class Members"):

> All current and former Mortgage Loan Officer and other like mortgage origination employees of Defendants who will, are, or have worked at office locations in Oregon at any time during the last six years, and who were subject to Defendants' unlawful compensation policies of deducting business expense fees and costs from Mortgage Loan Officers' wages.

72.    The Washington Wage Deduction Class Representative Corey Gile brings a class action pursuant to Fed. R. Civ. P. 23(b)(3), on behalf of himself and the following class of persons ("Washington Wage Deduction Class Members"):

> All current and former Mortgage Loan Officer and other like mortgage origination employees of Defendants who will, are, or have worked at office locations in Washington at any time during the last three years, and who were subject to Defendants' unlawful compensation policies of deducting business expense fees and costs from Mortgage Loan Officers' wages.

73.     The state law claims, if certified for class wide treatment, may be pursued by all similarly situated persons who do not opt-out of the class.

74.     The Oregon Wage Deduction Class Representative David DuBeau, individually and on behalf of the above Oregon Wage Deduction Class Members, brings a class action based on the OREGON WAGE LAWS ORS § 652.010 *et seq*., in particular, § 652.610 and Oregon common law.

75.     The Oregon Wage Deduction Class Representative David DuBeau and the Oregon Wage Deduction Class Members are or have been "employees" of Defendants pursuant to OSA§ 652.310.

76.     The Oregon Wage Deduction Class Representative David DuBeau and the Oregon Wage Deduction Class Members are all similarly situated in that they were all subject to Defendants' policy which violates ORS § 652.610 because Defendants deducted and thus withheld monies from the compensation earned by the Oregon Wage Deduction Class Members.

77.     The Washington Wage Deduction Class Representative Corey Gile, individually and on behalf of the above Washington Wage Deduction Class Members, brings a class action based on the WASHINGTON WAGE LAWS, RCW 48.48.010, RCW 49.52.050, WAC 296-126-025, and WAC 296-126-028, and Washington common law.

78.     The Washington Wage Deduction Class Representative Corey Gile and the Washington Wage Deduction Class Members are or have been "employees" of Defendants pursuant to RCW 49.46.010(3), WAC 296-126-002(2), and Washington common law.

79.     The Washington Wage Deduction Class Representative Corey Gile and the Washington Wage Deduction Class Members are all similarly situated in that they were all subject to

Defendants' policy which violates RCW 48.48.010, 49.52.050, WAC 296-126-025, and WAC 296-126-028, because Defendants deducted and thus withheld monies from the compensation earned by the Washington Wage Deduction Class Members.

80.     Defendants Golf and Sterling deducted from the Oregon Wage Deduction Class Representative David DuBeau's and the Oregon Wage Deduction Class Members' wages, and from the Washington Wage Deduction Class Representative Cory Gile's and the Washington Wage Deduction Class Members' wages Defendants' business expenses including but not limited to compliance fees, and credit report fees, appraisal fees, Rapid Rescore fees, and credit supplement fees on loans which did not close and/or did not close in a specified time.  Defendants often designated these illegal deductions on the Oregon Wage Deduction Class Representative David DuBeau's and the Oregon Wage Deduction Class Members', and the Washington Wage Deduction Class Representative Cory Gile's and the Washington Wage Deduction Class Members' pay statements and/or commission statements as "LIP," "PRD," or in some other manner.

81.     Defendants further deducted from the Oregon Wage Deduction Class Representative David DuBeau's and the Oregon Wage Deduction Class Members', and the Washington Wage Deduction Class Representative Cory Gile's and the Washington Wage Deduction Class Members'  wages certain pre-tax expenses which Defendants first represented were valid and then subsequently as invalid.

82.     The deductions set forth in the above paragraphs violate ORS § 652.610 because the statute does not specifically authorize the deductions, such deductions were not for the Oregon Wage Deduction Class Members' benefit, the Oregon Wage Deduction Class

Members did not freely and voluntarily authorize such deductions, and/or the monies deducted were paid to Defendants.

83.    The deductions set forth in the above paragraphs violate RCW 48.48.010, RCW § 49.52.050, WAC 296-126-025, and WAC 296-126-028, because the statute does not specifically authorize the deductions, such deductions were not for the Washington Wage Deduction Class Members' benefit, the Washington Wage Deduction Class Members did not freely and voluntarily authorize such deductions, and/or the monies deducted were paid to Defendants

84.    Class certification of this Count for violations of the Oregon and Washington Wage Laws is appropriate pursuant to Fed. R. Civ. P. 23(a) in that:

    c.    The members of the Oregon Wage Deduction Class and the Washington Wage Deduction Class are so numerous that joinder of all members is impracticable.  The exact number of class members is unknown to the Oregon Wage Deduction Class Representative at the present time but the number should be over fifty and is likewise unknown to the Washington Wage Deduction Class Representative but should be over 150;

    d.    There are questions of law and fact arising in this action which are common to the Oregon Wage Deduction Class Representative and the Oregon Wage Deduction Class Members, and the Washington Wage Deduction Class Representative and the Washington Wage Deduction Class Members including:

    (i) Whether Defendants employed the Oregon Wage Deduction Class Representative and the Oregon Wage Deduction Class Members, and the

Washington Wage Deduction Class Representative and the Washington Wage Deduction Class Members;

(ii) Whether Defendants deducted the items in question from the Oregon Wage Deduction Class Representative and the Oregon Wage Deduction Class Members, and from the Washington Wage Deduction Class Representative and the Washington Wage Deduction Class Members;

(iii) Whether Defendants' wage deduction policies and practices described within this First Amended Complaint violate the Oregon Wage Deduction Laws and the Washington Wage Deduction laws;

(iv) Whether the Oregon Wage Deduction Class Representative and the Oregon Wage Deduction Class Members, and the Washington Wage Deduction Class Representative and the Washington Wage Deduction Class Members were damaged by the illegal deductions.

85.    The Oregon Wage Deduction Class Representative's claims are typical of the claims of the Oregon Wage Deduction Class Members.  The Oregon Wage Deduction Class Representative was paid under the same policy and procedure as all members of the class.  The Oregon Wage Deduction Class Representative and all members of the Class were victims of the same wrongful conduct engaged by Defendants in violation of the OREGON WAGE LAWS.

86.    Likewise, the Washington Wage Deduction Class Representative's claims are typical of the claims of the Washington Wage Deduction Class Members.  The Washington Wage Deduction Class Representative was paid under the same policy and procedure as all members of the class.  The Washington Wage Deduction Class Representative and all

members of the Class were victims of the same wrongful conduct engaged by Defendants in violation of the WASHINGTON WAGE LAWS.

87.    Oregon Wage Deduction Class Representative and the Washington Wage Deduction Class Representative will fairly and adequately protect the interests of the members of the respective Classes.

88.    The Oregon Wage Deduction and Washington Wage Deduction Class Representatives have retained counsel who is competent and experienced in class action and complex litigation involving compensation claims.

89.    The Oregon and Washington Wage Deduction Class Representatives have no interests which are adverse to or in conflict with other Oregon and Washington Wage Deduction Class Members respectively.

90.    Class certification of the respective class is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to class members predominate over any questions affecting only individual members and a class action is the superior procedural vehicle for the fair and efficient adjudication of the claims asserted herein given that:  (a) there is minimal interest of members of this class in individually controlling their prosecution of claims under the OREGON WAGE LAWS AND WASHINGTON WAGE LAWS; (b) it is desirable to concentrate all the litigation of these claims in this forum; and, (c) there are no unusual difficulties likely to be encountered in the management of this case as a class action.

91.    In the absences of a class action, Defendants would be unjustly enriched because they would be able to retain the benefits and fruits of the wrongful violation of the OREGON AND WASHINGTON WAGE LAWS.

92.    The class action mechanism is superior to any alternatives that might exist for the fair and efficient adjudication of this cause of action.  Proceeding as a class action would permit the large number of injured parties to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of evidence, effort, and judicial resources.  A class action is the only practical way to avoid the potentially inconsistent results that numerous individual trials are likely to generate.  Moreover, class treatment is the only realistic means by which plaintiffs can effectively litigate against large, well-represented corporate defendants.  Numerous repetitive individual actions would also place an enormous burden on the courts as they are forced to take duplicative evidence and decide the same issues relating to Defendants' conduct over and over again.

## COUNT I
### Collective Action under § 216(b) of the FAIR LABOR STANDARDS ACT
### Overtime Claims

93.    Plaintiffs hereby incorporate by reference the foregoing paragraphs of this Second Amended Complaint into this count.

94.    At all relevant times, Defendants have been, and continue to be, "employers" engaged in the interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.  At all relevant times, Defendants have employed, and/or continue to employ, "employee[s]," including each of the Plaintiffs and all similarly situated employees.  At all relevant times, Defendants have had gross operating revenues in excess of $500,000.00 which is the threshold test for the "enterprise" requirement under the FLSA.

95.    Like the FLSA Named Plaintiff Micah DuBeau, Defendants employ or employed numerous other Mortgage Loan Employees at locations in five states.  All such more mortgage origination positions are hereby referred to as the "FLSA Collective."

96.    Defendants compensate or compensated Plaintiffs and the FLSA Collective as exempt employees under the FLSA not entitled to receive overtime.  Defendants compensate or compensated the FLSA Collective by paying them a straight commission or draw against commission.

97.    The FLSA Named Plaintiff Micah DuBeau and the FLSA Collective do not or did not perform job duties or tasks that permit them to be exempt from overtime compensation as required under the FLSA.

98.    The FLSA requires each covered employer, such as Defendants, to compensate all non-exempt employees for services performed and to compensate them at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week.

99.    The FLSA Named Plaintiff Micah DuBeau and the FLSA Collective who work for or who have worked for Defendants are similarly situated in that they all perform or performed essentially the same respective job functions.

100.    The FLSA Named Plaintiff Micah DuBeau and the FLSA Collective are similarly situated in that they are or were all subject to Defendants' same compensation policy, plan, or procedure that requires or required them to perform work and/or requires or required them to be present at work while compensating them on a straight commission or draw against commission without paying them overtime.  This denies the FLSA

Collective compensation for services performed, and denies them their overtime compensation. Defendants' conduct violates the FLSA.

101.    The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from Defendants' records, and potential class members may easily and quickly be notified of the pendency of this action.

102.    Defendants failed to compensate the FLSA Named Plaintiff Micah DuBeau and the FLSA Collective at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, and therefore, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. § 201, *et seq.,* including 29 U.S.C. § 207(a)(1).

103.    The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

104.    The FLSA Named Plaintiff Micah DuBeau, on behalf of himself and all similarly situated employees of Defendants who compose the FLSA Collective, seeks damages in the amount of all respective unpaid overtime compensations at a rate of one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

105.    The FLSA Named Plaintiff Micah DuBeau, on behalf of himself and all similarly situated employees of Defendants who compose the FLSA Collective, seek recovery of all attorneys' fees, costs, and expenses of this action, to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

## COUNT II
### Collective Action under § 216(b) of the FAIR LABOR STANDARDS ACT
### Minimum Wage Claims

106.    Plaintiffs hereby incorporate by reference the foregoing paragraphs of this Second Amended Complaint into this count.

107.    Defendants failed to compensate the FLSA Named Plaintiff Micah DuBeau and the FLSA Collective at a rate of not less than federally mandated minimum wage rate of pay for work performed in excess of forty hours in a work week, and therefore, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. § 201, *et seq.*.

108.    The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

109.    The FLSA Named Plaintiff Micah DuBeau, on behalf of himself and all similarly situated employees of Defendants who compose the FLSA Collective, seeks damages in the amount of all respective unpaid minimum wage compensations at a rate of one and one-half times the minimum wage rate of pay for all work performed in a work week, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

110.    The FLSA Named Plaintiff Micah DuBeau, on behalf of himself and all similarly situated employees of Defendants who compose the FLSA Collective, seek recovery of all attorneys' fees, costs, and expenses of this action, to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

**COUNT III**
**FED.R.CIV.P. 23 Class Action under Oregon Law**
**Overtime Claim**

111.   Plaintiffs hereby incorporate by reference the foregoing paragraphs of this Second Amended Complaint into this count.

112.   The Oregon Minimum Wage and Overtime Class Representative Micah DuBeau and the Oregon Minimum Wage and Overtime Class Members are or have been "employees" of Defendants pursuant to OSA § 652.310.

113.   As set forth above, Defendants unlawfully failed to pay overtime premiums to the Oregon Minimum Wage and Overtime Class Representative Micah DuBeau and the Oregon Minimum Wage and Overtime Class Members for all hours worked over 40 in any work week which violates the Oregon Wage Laws including ORS § 653.261 and OAR § 839-020-0030.

114.   The Oregon Minimum Wage and Overtime Class Representative Micah DuBeau and the Oregon Minimum Wage and Overtime Class Members do not or did not perform job duties or tasks that permit them to be exempt from overtime compensation as required under the FLSA.

115.   The foregoing conduct, as alleged herein, constitutes a willful violation of the Oregon Wage Laws.

116.   The Oregon Minimum Wage and Overtime Class Representative Micah DuBeau, Oregon Minimum Wage and Overtime Class Members, seeks damages in the amount of all respective unpaid overtime compensations at a rate of one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, plus

liquidated damages, as provided by the Oregon Wage Laws, and such other legal and equitable relief as the Court deems just and proper.

117.    The Oregon Minimum Wage and Overtime Class Representative Micah DuBeau, Oregon Minimum Wage and Overtime Class Members seek recovery of all attorneys' fees, costs, and expenses of this action, to be paid by Defendants, as provided by the Oregon Wage Laws.

## COUNT IV
### FED.R.CIV.P. 23 Class Action under Oregon Law
### Minimum Wage Claim

118.    Plaintiffs hereby incorporate by reference the foregoing paragraphs of this Second Amended Complaint into this count.

119.    As set forth above, Defendants unlawfully failed to pay minimum wage to the Oregon Minimum Wage and Overtime Class Representative Micah DuBeau and the Oregon Minimum Wage and Overtime Class Members for all hours worked in any work week which violates the Oregon Wage Laws including ORS § 653.025 and OAR § 839-020-0010.

120.    The Oregon Minimum Wage and Overtime Class Representative Micah DuBeau and the Oregon Minimum Wage and Overtime Class Members do not or did not perform job duties or tasks that permit them to be exempt from overtime compensation as required under Oregon law.

121.    The foregoing conduct, as alleged herein, constitutes a willful violation of the Oregon Wage Laws.

122.    The Oregon Minimum Wage and Overtime Class Representative Micah DuBeau, Oregon Minimum Wage and Overtime Class Members, seeks damages in the amount of

all respective unpaid minimum wage at the wage rate mandated by Oregon law, plus liquidated damages, as provided by the Oregon Wage Laws, and such other legal and equitable relief as the Court deems just and proper.

123. The Oregon Minimum Wage and Overtime Class Representative Micah DuBeau, Oregon Minimum Wage and Overtime Class Members seek recovery of all attorneys' fees, costs, and expenses of this action, to be paid by Defendants, as provided by the Oregon Wage Laws.

## COUNT V
### FED.R.CIV.P. 23 Class Action under Washington Law
### Overtime Claim

124. Plaintiffs hereby incorporate by reference the foregoing paragraphs of this Second Amended Complaint into this count.

125. The Washington Minimum Wage and Overtime Class Representative Corey Gile and the Washington Minimum Wage and Overtime Class Members are or have been "employees" of Defendants pursuant to RCW § 49.46.010(3).

126. As set forth above, Defendants unlawfully failed to pay overtime premiums to the Washington Minimum Wage and Overtime Class Representative Corey Gile and the Washington Minimum Wage and Overtime Class Members for all hours worked over 40 in any work week which violates the Washington Wage Laws including RCW § 49.46.130.

127. The Washington Minimum Wage and Overtime Class Representative Corey Gile and the Oregon Minimum Wage and Overtime Class Members do not or did not perform job duties or tasks that permit them to be exempt from overtime compensation as required under Washington law.

128.    The foregoing conduct, as alleged herein, constitutes a willful violation of the Washington Wage Laws.

129.    The Washington Minimum Wage and Overtime Class Representative Corey Gile, Washington Minimum Wage and Overtime Class Members, seeks damages in the amount of all respective unpaid overtime compensations at a rate of one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages, as provided by the Washington Wage Laws, and such other legal and equitable relief as the Court deems just and proper.

130.    The Washington Minimum Wage and Overtime Class Representative Corey Gile, Washington Minimum Wage and Overtime Class Members seek recovery of all attorneys' fees, costs, and expenses of this action, to be paid by Defendants, as provided by the Washington Wage Laws.

## COUNT VI
### FED.R.CIV.P. 23 Class Action under Washington Law
### Minimum Wage Claim

131.    Plaintiffs hereby incorporate by reference the foregoing paragraphs of this Second Amended Complaint into this count.

132.    As set forth above, Defendants unlawfully failed to pay minimum wage to the Washington Minimum Wage and Overtime Class Representative Corey Gile and the Washington Minimum Wage and Overtime Class Members for all hours worked in any work week which violates the Washington Wage Laws including RCW § 49.46.020.

133.    The Washington Minimum Wage and Overtime Class Representative Corey Gile and the Washington Minimum Wage and Overtime Class Members do not or did not perform job

duties or tasks that permit them to be exempt from minimum wage compensation as required under Oregon law.

134.    The foregoing conduct, as alleged herein, constitutes a willful violation of the Oregon Wage Laws.

135.    The Washington Minimum Wage and Overtime Class Representative Corey Gile, Washington Minimum Wage and Overtime Class Members, seeks damages in the amount of all respective unpaid minimum wage at the wage rate mandated by Washington law, plus liquidated damages, as provided by the Washington Wage Laws, and such other legal and equitable relief as the Court deems just and proper.

136.    The Washington Minimum Wage and Overtime Class Representative Corey Gile, Washington Minimum Wage and Overtime Class Members seek recovery of all attorneys' fees, costs, and expenses of this action, to be paid by Defendants, as provided by the Washington Wage Laws.

**COUNT VII**
**FED.R.CIV.P. 23 Class Action under ORS § 652.610**
**Illegal Wage Deduction Claim**

137.    Plaintiffs hereby incorporate by reference the foregoing paragraphs of this Second Amended Complaint into this count.

138.    The Oregon Wage Deduction Class Representative David DuBeau and the Oregon Wage Deduction Class Members are or have been "employees" of Defendants pursuant to OSA§ 652.310.

139.    As set forth above, Defendants unlawfully deducted and then withheld monies from the wages earned by the Oregon Wage Deduction Class Representative David DuBeau and the Oregon Wage Deduction Class Members for Defendants' business expenses including

but not limited to credit report fees, appraisal fees, Rapid Rescore fees, credit supplement, and pre-tax expenses which violates ORS § 652.610.

140.    The deductions violate ORS § 652.610 because the statute does not specifically authorize the deductions, such deductions were not for the Oregon Wage Deduction Class Members' benefit, the Oregon Wage Deduction Class Members did not freely and voluntarily authorize such deductions, and/or the monies deducted were paid to Defendants.

141.    In the absences of a class action, Defendants would be unjustly enriched because they would be able to retain the benefits and fruits of the wrongful violation of the ILLINOIS MINIMUM WAGE LAW.

142.    As a result of Defendants' illegal wage deductions, the Oregon Wage Deduction Class Representative David DuBeau and the Oregon Wage Deduction Class Members have suffered substantial loss of wages which they have earned, and are thus entitled to damages including the greater of monetary or statutory damages, civil penalties, pre-judgment interest, costs, and attorney fees.

## COUNT VIII
### FED.R.CIV.P. 23 Class Action under Oregon Law
### Unjust Enrichment/*Quantum Meriut*

143.    Plaintiffs hereby incorporate by reference the foregoing paragraphs of this Second Amended Complaint into this count.

144.    Defendants received a benefit by unlawfully deducting business expenses, pre-tax expenses, and other items from the Oregon Wage Deduction Class Representative's and Oregon Wage Deduction Class Members' wages.

145.    Defendants accepted and retained the benefit under such circumstances as to make it inequitable for Defendants to retain the benefit without payment of its value.

146.    The Oregon Wage Deduction Class Representative and Oregon Wage Deduction Class Members are entitled to restitution for the value of the illegal business expense deductions.

## COUNT IX
### FED.R.CIV.P. 23 Class Action under Oregon Law
### Penalty Wages

147.    Plaintiffs hereby incorporate by reference the foregoing paragraphs of this Second Amended Complaint into this count.

148.    ORS 652.140 and O.A.R. 839-001-0420 provide that all wages that have been eared but not paid become due and payable no later than at the next regularly scheduled payday after employment has terminated, or earlier if the employee was discharged or terminated by mutual agreement.

149.    As described above, Defendants violated Oregon law in that it unlawfully withheld monies from the compensation earned by the Oregon Wage Deduction Class Representative and Oregon Wage Deduction Class Members for Defendants' own business expenses. As a result, Defendants failed to pay the Oregon Wage Deduction Class Representative and Oregon Wage Deduction Class Members whose employment relationship has been terminated all compensation due at the time the employment relationship terminated.

150.    As result of those violations, the Oregon Wage Deduction Class Representative and the members of the Class are entitled to damages in the amount of their respective unpaid wages and waiting time penalties under ORS 652.140, 652.150, 652.610 and 653.055, as

well as all costs and reasonable attorney fees pursuant to ORS 652.200(2) and 653.055(4).

## COUNT X
### FED.R.CIV.P. 23 Class Action under Washington Law
### Failure to Pay Wages Owed

151.   Plaintiffs hereby incorporate by reference the foregoing paragraphs of this Second Amended Complaint into this count.

152.   RCW 49.48.010 provides that "[w]hen any employee shall cease to work for an employer, whether by discharge or by voluntary withdrawal, the wages due him on account of his employment shall be paid to him at the end of the established pay period."  The statute further provides that it shall be unlawful "for any employer to withhold or divert any portion of an employee's wages."

153.   By the actions alleged above, Defendants violated the provisions of RCW 49.48.010.

154.   As a result of Defendants' unlawful acts, the Washington Wage Deduction Class Representative and the Washington Wage Deduction Class Members have been deprived of compensation in amounts to be determined at trial and pursuant to RCW 49.48.030, the Washington Wage Deduction Class Representative and the Washington Wage Deduction Class Members are entitle to recovery of such damages, including interest, as well as costs and attorney's fees.

## COUNT XI
### FED.R.CIV.P. 23 Class Action under Washington Law
### Willful Refusal to Pay Wages

155.   Plaintiffs hereby incorporate by reference the foregoing paragraphs of this Second Amended Complaint into this count.

156.   RCW 49.52.050 provides that any employer or agent of any employer who, "[w]ilfully and with intent to deprive the employee of any part of his wages, shall pay any employee a lower

wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract" shall be guilty of a misdemeanor. The statute further provides that any employer or agent of any employer who "[s]hall collect or receive from any employee a rebate of any part of wages theretofore paid by such employer to such employee" shall be guilty of a misdemeanor.

157.    Violations of RCW 49.52.060, WAC 296-126-025, and WAC 296-126-028 as discussed above constitute violations of RCW 49.52.050.

158.    RCW 49.32.070 provides that any employer who violates the provisions of RCW 49.32.050 shall be liable in a civil action for twice the amount of wages withheld, and attorney's fees and costs.

159.    By the actions alleged above, Defendants have violated the provisions of RCW 49.52.050.

160.    As a result of the willful, unlawful acts of Defendants, the Washington Wage Deduction Class Representative and the Washington Wage Deduction Class Members have been deprived of compensation in amounts to be determined at trial and pursuant to RCW 49.52.070, the Washington Wage Deduction Class Representative and the Washington Wage Deduction Class Members are entitled to recovery of twice such damages including interest, as well as attorney's fees and costs.

**COUNT XII**
**FED.R.CIV.P. 23 Class Action under Washington Law**
**Unjust Enrichment/*Quantum Meriut***

161.    Plaintiffs hereby incorporate by reference the foregoing paragraphs of this Second Amended Complaint into this count.

162.    Defendants received a benefit by unlawfully deducting business expenses, pre-tax expenses, and other items from the Washington Wage Deduction Class Representative's and Washington Wage Deduction Class Members' wages.

163.    Defendants accepted and retained the benefit under such circumstances as to make it inequitable for Defendants to retain the benefit without payment of its value.

164.    The Washington Wage Deduction Class Representative and Washington Wage Deduction Class Members are entitled to restitution for the value of the illegal business expense deductions.

**WHEREFORE**, based upon the foregoing, Plaintiffs, on behalf of themselves and all others similarly situated, pray for relief as follows:

a.    Designation of this action as a collective action on behalf of the FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective (the FLSA opt-in class), apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual consents to join pursuant to U.S.C. § 216(b);

b.    Designation of Named FLSA Plaintiff Micah DuBeau as Representative Plaintiff of the FLSA Collective;

c.    Designation of this action as a class action under FED.R.CIV.P. 23 on behalf of the Oregon Minimum Wage and Overtime Class Members, and the Oregon Wage Deduction Class Members, and issuance of notice to all Oregon Minimum Wage and Overtime Class Members and Wage Deduction Class Members apprising them of the pendency of this action;

d.      Designation of Oregon Minimum Wage and Overtime Class Representative Micah DuBeau as Representative Plaintiff of the Oregon Minimum Wage and Overtime Class Members;

e.      Designation of Oregon Wage Deduction Class Representative David DuBeau as Representative Plaintiff of the Oregon Wage Deduction Class Members;

f.      Designation of this action as a class action under FED.R.CIV.P. 23 on behalf of the Washington Minimum Wage and Overtime Class Members, and the Washington Wage Deduction Class Members and issuance of notice to all Washington Minimum Wage and Overtime, and  Wage Deduction Class Members apprising them of the pendency of this action;

g.      Designation of Washington Minimum Wage and Overtime Class Representative and Washington Wage Deduction Class Representative Corey Gile as Representative Plaintiff of the Washington Minimum Wage and Overtime Class Members, and Washington Wage Deduction Class Members;

h.      A declaration that Defendants are financially responsible for notifying the FLSA Collective, the Oregon Wage Deduction Class Members, and the Washington Wage Deduction Class Members of Defendants' alleged wage violations;

i.      Designation of Rowdy Meeks Legal Group LLC as the attorneys representing the FLSA Collective, the Oregon Minimum Wage and Overtime Class Members, the Oregon Wage Deduction Class Members, the Washington Minimum Wage and Overtime Class Members, and the Washington Wage Deduction Class Members;

j.      A declaratory judgment that the practices complained of herein are unlawful under the OREGON WAGE LAWS AND THE WASHINGTON WAGE LAWS;

k.       An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

l.       An award of damages for minimum wage and overtime compensation due for Named FLSA Plaintiff Micah DuBeau and the FLSA Collective, including an additional amount as liquidated damages to be paid by Defendants;

m.       An award of damages to reimburse the Oregon Minimum Wage and Overtime Class Representative Micah DuBeau and the Oregon Minimum Wage and Overtime Class Members for all minimum wage and overtime compensation due, including additional amounts as provided under Oregon law to be paid by Defendants;

n.       An award of damages to reimburse the Washington Minimum Wage and Overtime Class Representative Corey Gile and the Washington Minimum Wage and Overtime Class Members for all minimum wage and overtime compensation due, including additional amounts as provided under Washington law to be paid by Defendants;

o.       An award of damages to reimburse Oregon Wage Deduction Class Representative David DuBeau and the Oregon Wage Deduction Class Members for the wage deductions Defendants illegally withheld or statutory damages, whichever are greater;

p.       An award of all applicable penalty wages under Oregon law;

q.       An award of damages to reimburse Washington Wage Deduction Class Representative Corey Gile and the Washington Wage Deduction Class Members for the

wage deductions Defendants illegally withheld or statutory damages, whichever are greater;

r.      An award of exemplary damages under Washington law in an amount of two times the unpaid minimum wage and overtime compensation, and illegal wage deductions;

s.      Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

t.      Pre-Judgment and post-judgment interest as provided by law; and

u.      Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

### Demand for Jury Trial

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they and all collective and class action members have a right to jury trial.

Respectfully submitted,                          Respectfully submitted,

 */s/ Rowdy B. Meeks*                              */s/ Derek C. Johnson*
Rowdy B. Meeks, Kansas Bar Number 16068          Derek C. Johnson, OSB #88234
*Pro Hac Vice Motion granted*
**ATTORNEYS FOR PLAINTIFF**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was electronically filed with the Clerk of Court and therefore served via the Court's electronic filing system on all counsel of record.

                                          */s/ Rowdy B. Meeks*_____
                                          **ATTORNEYS FOR PLAINTIFFS**